IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| THOMAS P. CRONIN | : | VIOLATIONS: 18 U.S.C. § 1344 (bank fraud – 1 count) |
| | : | 18 U.S.C. § 1343 (wire fraud – 1 count) 18 U.S.C. § 1512(c)(2) (obstruction of |
| | : | justice – 1 count) Notice of forfeiture |

### INDICTMENT

### COUNT ONE

**(Bank Fraud)**

**THE GRAND JURY CHARGES THAT:**

### Background

At all times relevant to this indictment:

      1.     A "business email compromise" was a type of computer intrusion that occurred when an employee of a company was fooled into interacting with an email message that appeared to be, but was not, legitimate. The bogus email usually contained either an attachment or a link to a malicious website. Clicking on either the link or the attachment released a virus, worm, spyware or other program application (also known as "malware") that subsequently infected the employee's email account and/or computer. Frequently, the malware spread throughout the business's entire computer network. The malware, once executed, could harvest information, including credentials, and give the intruding party access to sensitive company information.

2.      In one common business email compromise scam, an intruder monitored email to determine which customers of the business typically engaged in large financial transactions. The intruder then sent the business an email that appeared to be, but was not, actually from that customer. This "spoofed" email instructed that a large sum of money be wire transferred to a bank account that was under the intruder's control.

3.      Electronic mail ("email") was sent and received over the Internet. Data sent over the internet was broken up into manageable chunks known as "packets."

4.      Tompkins VIST Bank was a financial institution, headquartered in Wyomissing PA, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), under certificate no. 7748.

5.      Pioneer Savings Bank was a financial institution, the deposits of which were insured by the FDIC, under certificate no. 20741.

6.      Company 1, a company headquartered in Wyomissing PA that was in the business of managing rental properties, held a checking account at Tompkins VIST Bank, numbered xxxxxx8523.

7.      National Westminster Bank was a financial institution headquartered in London, United Kingdom.

8.      Personal Identifying Information ("PII") included but was not limited to, name, date of birth, address, social security number, bank account numbers, bank routing numbers, and any other name or number that could be used alone or in conjunction with any other information to identify a specific individual.

9.      Defendant **THOMAS P. CRONIN** was a United States citizen residing in Ballston Lake, New York, who controlled three accounts at Pioneer Savings Bank.

## THE SCHEME

10. Beginning on a date unknown to the grand jury, but no later than in or about June 2017, and continuing until at least in or about December 2017, exact dates being unknown to the grand jury, defendant

### THOMAS P. CRONIN

aided and abetted by others known and unknown to the grand jury, devised and participated in a scheme to defraud Tomkins VIST Bank, a financial institution, and to obtain monies and funds owned by and under the care, custody, and control of that financial institution by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

11. In or about June 2017, defendant THOMAS P. CRONIN deposited and caused to be deposited approximately $1,000 into an account numbered xxxxxx1317 at National Westminster Bank.

12. In or about July 2017, defendant THOMAS P. CRONIN communicated by email with a co-schemer known to the grand jury, giving the co-schemer information on how to deposit funds into the account numbered xxxxxx1317 at National Westminster Bank.

13. On or about September 14, 2017, defendant THOMAS P. CRONIN communicated by email with the co-schemer known to the grand jury, providing the co-schemer with wire transfer information for two bank accounts that defendant CRONIN controlled at Pioneer Savings Bank, nos. xxxxxx1590 and xxxxxx1822.

14. On or about the early morning of September 15, 2017, defendant THOMAS P. CRONIN communicated with the co-schemer known to the grand jury, directing the co-schemer to let him (defendant CRONIN) know when the co-schemer was sending the wires.

15. On or about September 15, 2017, a spoofed email that purported to be from Company 1 was sent to Tompkins VIST Bank, directing that Tompkins VIST Bank wire transfer approximately $145,115 from the account of Company 1, no. xxxxxx8523, to a bank account at Pioneer Savings Bank, no. xxxxx1590, controlled by the defendant, THOMAS P. CRONIN.

16. Also on or about September 15, 2017, defendant THOMAS P. CRONIN received approximately $145,115 in a bank account that he controlled at Pioneer Savings Bank, no. xxxxxx1590.

17. Also on or about September 15, 2017, defendant THOMAS P. CRONIN transferred approximately $145,115 from bank account no. xxxxxx1590 at Pioneer Savings Bank, to another bank account that defendant CRONIN controlled at Pioneer Savings Bank, no. xxxxxx1822.

18. On or about September 19, 2017, defendant THOMAS P. CRONIN wire transferred approximately $100,000 from bank account no. xxxxxx1822 at Pioneer Savings Bank, to an account numbered xxxxxx1317 at National Westminster Bank.

19. On or about September 20, 2017, defendant THOMAS P. CRONIN was told by Pioneer Savings Bank that the funds he had received via wire transfer from Tompkins VIST Bank were the proceeds of a fraud.

20. Also on or about September 20, 2017, defendant THOMAS P. CRONIN communicated by email with the co-schemer known to the grand jury, telling the co-schemer, "we just heard from the bank security officer. They have taken the money from the account. Your wire was claimed fraudulent and the sending back [sic] is referring you and your organization to the feds for wire fraud. Your client on the other side is turning states evidence. You still owe me the $37,650 payable immediately."

21. On or about September 26, 2017, defendant THOMAS P. CRONIN sent an email to National Westminster Bank, attaching a letter concerning the $100,000 wire transfer that defendant CRONIN had made on September 19, 2017. In his letter, defendant CRONIN stated falsely that the wired money was "clean and clear from all criminal related sources of intentions" and asked that National Westminster Bank unfreeze the funds from account no. xxxxxx1317 at National Westminster Bank.

## EXECUTION OF THE SCHEME

22. On or about September 15, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

**THOMAS P. CRONIN**

knowingly executed and attempted to executed the above-described scheme to defraud, and aided and abetted its execution, by sending and causing to be sent to Tompkins VIST Bank, an email purporting to be from Company 1, directing Tompkins VIST Bank to wire transfer $145,115 from Company 1's Tompkins VIST Bank account no. xxxxxx8523, to Pioneer Savings Bank account no. xxxxxx1590, an account controlled by the defendant, THOMAS P. CRONIN.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

### (Wire Fraud)

**THE GRAND JURY CHARGES FURTHER THAT:**

1. Paragraphs 1 through 9 of Count One are incorporated here.

### THE SCHEME

2. Beginning on a date unknown to the grand jury, but no later than in or about June 2017, and continuing until at least in or about December 2017, exact dates being unknown to the grand jury, defendant

### THOMAS P. CRONIN

devised and intended to devise a scheme to defraud Pioneer Savings Bank, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3. It was part of the scheme that defendant THOMAS P. CRONIN took the actions described in Paragraphs 11 through 21 of Count One.

4. On or about September 15, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

### THOMAS P. CRONIN

for the purpose of executing the scheme, and attempting to do so, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce, a wire transfer of approximately $145,115 from Tompkins VIST Bank account no. xxxxxx8523, in Wyomissing PA, to Pioneer Savings Bank account no. xxxxxx1590, in Albany NY.

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

### (Obstruction of Justice)

**THE GRAND JURY CHARGES FURTHER THAT:**

On or about December 7, 2017, in the Eastern District of Pennsylvania, defendant

**THOMAS P. CRONIN**

corruptly attempted to obstruct, influence and impede a federal official proceeding, that was pending or would foreseeably be instituted, by emailing to an investigator in the Eastern District of Pennsylvania, a copy of a letter purporting to warn National Westminster Bank of a problem in connection with the defendant's $100,000 wire transfer, which letter defendant CRONIN falsely represented to the investigator that he had sent to National Westminister Bank, when as defendant well knew, he had not sent that letter to National Westminster Bank, but had instead sent that bank a different letter which, far from warning the bank about a problem with his $100,000 wire transfer, falsely represented that the $100,000 wire transfer was of clean funds.

In violation of Title 18, United States Code, Section 1512(c)(2).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 1343 and 1344 set forth in this Indictment, defendant

**THOMAS P. CRONIN**

shall forfeit to the United States all property, real or personal, involved in the commission of the offenses and all property traceable to such property.

1. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of the proceeds of the violations alleged in Counts 1 and 2 of this indictment.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of the due diligence;

    b. has been transferred to or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in valued; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

███████████████
G███████████████

*Ronald Darrah* (signature)
WILLIAM M. McSWAIN
UNITED STATES ATTORNEY

9

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

THOMAS P. CRONIN

INDICTMENT

18 U.S.C. § 1344 (bank fraud – 1 count)
18 U.S.C. § 1343 (wire fraud – 1 count)
18 U.S.C. § 1512(c)(2) (obstruction of justice – 1 count)

                      ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Filed in open court this _____ day,
Of _____ A.D. 20_____
                      Clerk

Bail, $_____