# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 5:20-cr-00370-01-JDW |
| v. | : | |
| THOMAS P. CRONIN | : | |

## MEMORANDUM

Thomas Cronin seeks to end his term of supervised release early. I conclude that he hasn't shown me that the interests of justice require such a change and will deny his Motion.

## I. BACKGROUND

On September 13, 2021, Mr. Cronin pled guilty to one count of bank fraud, one count of wire fraud, and one count of obstruction of justice in connection to a scheme to defraud a bank. On January 5, 2022, I sentenced Mr. Cronin to 15 months of incarceration followed by three years of supervised release. I also imposed a fine, a special assessment fee, and ordered restitution to be paid to the defrauded bank. As a condition of his supervised release, Mr. Cronin must receive permission to leave the judicial district in which he resides.

Now, having completed 16 months of his term of supervised release, Mr. Cronin has filed a Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1). He submits that he is an active, productive member of society who has fully

complied with the terms of his supervised release. He seeks termination so that he may accept more employment opportunities which would require him to travel outside of the district. The Government opposes Mr. Cronin's Motion, and it is ripe for disposition.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release prior to its expiration. In doing so, the court must consider the following factors from 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). After evaluating those factors, a court may terminate supervised relief only if it is satisfied that "the defendant's conduct and the interest of justice" warrant an early termination. 18 U.S.C. § 3583(e). There need not be an exceptional circumstance presented to grant a defendant's motion. *See Melvin*, 978 F.3d at 53. The statute confers "broad discretion" on a court in making this determination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

**III.   ANALYSIS[1]**

Upon consideration of all the required factors under § 3583(e)(1), I decline to exercise my discretion to terminate Mr. Cronin's supervised release early. I explain my findings for the most pertinent of these factors.

The Government objects to the Motion primarily on the first factor, highlighting the seriousness of the underlying offense. His fraudulent scheme stole proceeds from banks, and he lied to law enforcement in furtherance of that scheme. That remains a serious offense in my view.

As to the second factor, there's little need to deter Mr. Cronin from criminal conduct, protect the public, or provide him with the footing he needs to restart his life. Mr. Cronin holds stable employment as the Chief Operations Officer of a catering company and lives with his wife. The primary purpose of supervised release, reintegration into society, has largely been met. See *United States v. Murray*, 692 F.3d 273, 280–81 (3d Cir. 2012).

While I commend Mr. Cronin's post-incarceration conduct, I do not find his compliance alone enough to warrant early termination. When a judge includes supervised release in a sentence, the baseline expectation is that a defendant will comply with the terms. That compliance is not enough, on its own, to earn a reward like

---

[1] The Government doesn't respond to Mr. Cronin's preemptive argument that his plea deal does not foreclose his ability to file a motion for supervised release. Accordingly, I reach the merits of Mr. Cronin's Motion.

early termination of supervised release. Were it otherwise, then the exception would swallow the rule. See *United States v. Brodie*, No. 1:18-CR-0162-NLH-1, 2024 WL 195250, at *6 (D.N.J. Jan. 18, 2024) (collecting cases finding bare compliance insufficient). The level of supervision exerted on Mr. Cronin is proportionate to his good behavior. The Probation Office classifies him as a low-level offender, allowing him to report to his Probation Officer monthly via an online portal. Mr. Cronin does not argue that these check-ins are onerous or otherwise impede his ability to reform his life.

Mr. Cronin cites two out-of-district jobs that he has been unable to accept due to his travel restriction. I also understand Mr. Cronin's desire to visit his children and grandchildren. But Mr. Cronin hasn't submitted anything to suggest that he asked his Probation Officer or the court for permission to travel for these reasons and was denied. So, it's unclear if the travel restriction is as much of an impediment as Mr. Cronin believes it to be. While the travel restriction might restrict his ability to accept *certain* jobs, it doesn't impede Mr. Cronin's ability to maintain steady and lawful employment. And even if the travel-related restrictions were burdensome, the remedy would be to seek a modification of the travel restrictions, not a termination of supervision in its entirety.

As to the third and fifth factors, Mr. Cronin hasn't submitted anything to suggest that finishing his term would be inconsistent with the kind of sentence established for

his crimes or work a disparity to him compared to similarly situated defendants. As to the sixth factor, Mr. Cronin has paid his court costs and restitution in full.

## IV. CONCLUSION

Mr. Cronin is on the right path. The remainder of his term of supervised release serves as a safety net to ensure that he stays on this commendable course. He has not shown that I should terminate that term early. I will therefore deny Mr. Cronin's Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 3, 2024